IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JONATHAN and SHARRON EDWARDS,   :

    Plaintiffs,   :

vs.   :   CA 07-0160-KD-C

ACCREDITED HOME LENDERS, INC.,   :
et al.,

    :

    Defendants.

ORDER

This action has been referred to the undersigned for the resolution of a non-dispositive pretrial motion pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(c)(1). After a thorough review of that portion of the record deemed relevant to the issues raised, and having the benefit of the parties' briefs, the motion for a second protective order (Doc. 103) is **DENIED.**

Defendants Accredited Home Lenders, Inc., Lender's First Choice Agency, Inc. and Lender's First Choice Agency Of Alabama, Inc. filed their motion for a second protective order on March 25, 2008 and plaintiffs Jonathan and Sharron Edwards filed their objection on March 26, 2008 (Doc. 105). Since that time, and without permission granted, defendants have filed a response to plaintiffs' objection (Doc. 106)**.**

**DISCUSSION**

This second motion for a protective order is considered to be a request

to modify the Protective Order entered on September 4, 2007. (Doc. 58, p. 4 ("The provisions of this Protective Order may be modified upon written agreement of the parties or upon application to this Court for good cause shown.")) The thrust of this new request is to place limits on the utilization of the identities of those borrowers disclosed to Plaintiffs as part of the first phase of discovery, including their names and addresses. In addition, Defendants seek to have this Court impose preconditions on any attempt by Plaintiffs' counsel to contact these non-party borrowers. " (Doc. 103, p. 1 ("Pursuant to the Court's instruction at the March 11, 2008 hearing, Defendants have produced to Plaintiffs, and may produce in the future, various documents associated with the loan files and closing files of certain borrowers other than the named Plaintiffs Jonathan and Sharron Edwards ... some of who are, or may be, putative class members.")) Defendants' specific request is for the entry of an order requiring that any use of the identities of these borrowers shall be "<u>solely</u> for the purposes of this litigation and shall not be used for any other purpose whatsoever and that any contact with such persons (who may be putative class members) shall be with advance notice to both sides and the opportunity to participate ... ."  (Doc. 103, at 1-2)

      On the first issue, i.e., the protection of personal identifying information with respect to non-party borrowers, it appears that no modification of the original Order is necessary. Therein, the parties are directed to clearly mark

documents containing "information that is proprietary and/or confidential in nature" as "Confidential".  (Doc. 58, p. 1)  "Documents and information designated as Confidential pursuant to this Order shall be used solely for the purposes of this litigation and shall not be used for any other purpose whatsoever."  (*Id*. at 2)  Given the mandate of the Protective Order (jointly proposed) with regard to the disclosure of confidential information, it is difficult to see how the entry of a second order, as proposed by the Defendants, would provide any additional protection to the identities and confidential/private information of the non-party borrowers.

The second issue raised by the defendants, the request to place conditions on any written or personal contacts with the non-party borrowers, is more troublesome.  Defendants seek to have this Court, over the objection of the Plaintiffs, impose the following conditions on such contacts

> 5.  As a condition to the Order of this Court for the production of certain discovery containing the names and addresses of such Non-Plaintiff Borrowers (including those who may be putative class members), and pursuant to this Court's authority under Fed.R.Civ.P. 23(d)(2) & 23(d)(3), and to ensure that any putative class members receives complete and accurate information regarding this action, and to protect the privacy of such Non-Plaintiff Borrowers, Parties will not contact any Non-Plaintiff Borrower in writing without giving seven days advance written notice of the text of the proposed communication (and a list of any proposed recipients) to counsel for the other Parties of the proposed communication so as

3

>to enable such counsel to object to the proposed communication if counsel deems it desirable or necessary to do so. Even if such objection is made, there shall be no prohibition on the contacting of such Non-Plaintiff Borrower unless and until a Motion for Protective Order is filed with this Court. At such time, the Parties shall cease any such efforts until this Court has ruled upon such Motion for Protective Order.
>
>6. Likewise, the Parties will not contact any Non-Plaintiff Borrower in person or telephonically without the presence of counsel for each of the other Parties or without a written waiver from such counsel indicating that they do not wish to participate in the in-person or telephonic communication. The limitations imposed in this paragraph shall not apply where a Non-Plaintiff Borrower initiates contact with a Party regarding the lawsuit.

Proposed Protective Order, Doc. 103-2.

Defendants are proposing that a second protective order should be entered on the authority of Rules 23(d)(2), 23(d)(3)[1] and 26(c), Federal Rules

---

[1] On December 1, 2007, the Federal Rules of Civil Procedure were amended to provide consistency to the style and terminology of the Rules. ("The language of Rule 23 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only." Rule 23, Federal Rules of Civil Procedure, Advisory Committee Notes, 2007) Formerly, Rule 23(d)(2) & 23(d)(3) contained the following pertinent language: "In the conduct of actions to which this rule applies, the court may make appropriate orders: ... (2) requiring, for the protection of the members of the class or otherwise for the fair conduct of the action, that notice be given in such manner as the court may direct to some or all of the members of any step in the action, or of the proposed extent of the judgment, or of the opportunity of members to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or otherwise to come into the action; (3) imposing conditions on the representative parties or on intervenors; ... ." After the redesign of the Rule, it now appears that the same protections for putative class members and the authority of the trial

of Civil Procedure. Rule 23 governs class actions in Federal Court and provides district courts with the authority to manage class actions in such a manner as to prevent opportunities for abuse. Rule 26(c) applies specifically to protective orders and imposes a standard that moving parties must meet before the entry of a protective order:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending ... The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense . . . .

Rule 26(c)(1). Thus, the question to be answered is whether the Defendants have established "good cause" for a modification of the original protective order, including the establishment of preconditions to Plaintiffs' attempts to contact putative class members. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 n.16, 101 S.Ct. 2193, 2201 n.16, 68 L.Ed.2d 693 (1981) (quoting *In re Halkin,* 598 F.2d 176, 193 (D.C. Cir. 1979) ("'To establish "good cause" for a protective order under [Federal Rule of Civil Procedure] 26(c), "[t]he courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements...'" ")).

---

court to manage the progression of this action are contained in Rule 23(d)(1)(B) & (C).

The information presented so far does not reveal that Plaintiffs have attempted to contact any of the non-party borrowers even though Plaintiffs have a general right to contact putative members of a class. *See Williams v. Chartwell Financial Servs., Ltd.,* 204 F.3d 748, 759 (7th Cir. 2000) and *Dziennik v. Sealift, Inc*, 2006 WL 1455464, *3 (E.D.N.Y. 2006). Even so, Defendants are asking that restrictions be placed on future communications (written and oral) on the theory that abuses of the general right to contact putative class members are threatened. Under these circumstances, any order imposing limitations on Plaintiffs' right to contact putative class members "should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Gulf Oil Co. v. Bernard*, 452 U.S. at 101, 101 S.Ct. at 2200. "In compliance with *Bernard*, courts have routinely recognized that the moving party must present an evidentiary showing of actual or threatened abuse by the party sought to be restrained." *Cox Nuclear Medicine v. Gold Cup Coffee Services, Inc*., 214 F.R.D. 696, 697 (S.D. Ala. 2003).

Defendants have not made an adequate showing that Plaintiffs have abused the discovery process or that specific abuses of class action procedures are threatened. In addition, the conditional-contact procedure proposed has the potential impact of substantially increasing the length of the discovery process with attendant increased costs to the parties and the Court.

For the reasons discussed herein, it is determined that Defendants have not established good cause for modification of the existing protective order, i.e., they have not demonstrated facts showing that specific class action abuses are threatened such that additional protections of confidential information and limitations on the parties' access to putative class members should be imposed. Defendants' motion for a second protective order (Doc. 103) is therefore **DENIED.**

DONE AND ORDERED this 11th day of April, 2008.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE
