IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JONATHAN EDWARDS, SHARRON EDWARDS, and VILMA HALL,** individually and on behalf of all similarly situated individuals, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )  CIVIL ACTION NO. 07-0160-KD-C<br>) |
| **ACCREDITED HOME LENDERS, INC.; LENDER'S FIRST CHOICE AGENCY, INC.; and LENDER'S FIRST CHOICE AGENCY OF ALABAMA, INC.,** | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

### ORDER

This matter is before the court on the motion for class certification filed by plaintiffs Jonathan and Sharron Edwards and supporting memorandum (docs. 131, 132), the Edwards' supplemental memorandum (doc. 164), defendant Accredited Home Lenders, Inc.'s response in opposition (doc. 166),[1] and the Edwards' reply (doc. 172). For the reasons set forth herein, the Edwards' motion for class certification is dismissed as **MOOT** at this time with leave to re-file once the court rules on the pending motion to intervene.

Procedural and factual background

In their second amended class action complaint, the Edwards allege that Accredited violated the Truth-in-Lending Act, 15 U.S.C. §§ 1601 et seq. ("TILA"), by under-disclosing the amount of the finance charge on their Truth-in-Lending Disclosure. Specifically, the Edwards allege that Lender's First charged $275.00 for title insurance when the sum of $155.00 was the actual value of the insurance provided pursuant to the rate filed and approved by the Alabama Department of

---

[1] Defendant Lender's First Choice and Lender's First Choice Agency of Alabama, Inc. have filed bankruptcy. Previously, the court entered an order to stay this litigation as to those defendants.

Insurance.  The Edwards allege that the excess of $120.00 should have been included by Accredited on the TILA disclosure because it is an additional finance charge.  The Edwards allege that the amount paid for recording fees, $88.00, exceeded the actual amount paid for recording, $55.00, and that Accredited should have included the excess of $33.00 on the TILA disclosure because it is an additional finance charge.[2]

Accredited moved for summary judgment and then moved to postpone briefing on the issue of class certification until resolution of the motion for summary judgment.  However, the Edwards filed their motion for class certification the day after the motion to postpone briefing and thus before the court ruled upon Accredited's motion to postpone.  The court granted Accredited's motion to postpone in part by allowing it time to respond to the motion for class certification after the court ruled upon the motion for summary judgment.

The court granted summary judgment in favor of Accredited, finding that the amount disclosed as a finance charge on the Edwards' Truth-in-Lending Disclosure was accurate under 15 U.S.C. § 1605(f)(1).  The court then ordered the Edwards "to provide supplemental briefing to the court . . . as to whether they intend to pursue class certification in regard to Accredited and address whether an actual case and controversy exists between the parties." (doc. 159).  The court also ordered Accredited to respond to the supplemental briefing.

Analysis

The Edwards argue that a live case or controversy still exists despite the adverse ruling on the merits of their claim and that they have standing to represent the class even though losing on the merits.  The Edwards argue that because the claim on the merits is "capable of repetition, yet evading review", they may litigate the class certification issue despite the loss of their personal stake, thus their motion for class certification is not moot.  The Edwards also argue that even if they cannot serve as class representatives, the motion for class certification is not moot since a live case or controversy exists, and that allowing the motion to intervene filed by Floyd and Barbara Jones,

---

[2] By prior order, the court determined that the alleged overcharge was actually $12.50 because additional documents were recorded.

who are willing and qualified to serve, will assure adequate class representation.

Accredited argues that no case or controversy exists between it and the Edwards. Accredited also argues that since the Edwards' individual claims have been dismissed on summary judgment, they cannot demonstrate any injury in fact, and that without such actual injury, the Edwards lack standing to represent the class.  Accredited argues that the motion for class certification seeking to certify the Edwards as class representative is now moot and that a motion for class certification with the intervenor Jones as class representatives would be premature until they are added to the case and Accredited has had an opportunity for discovery regarding the merits of their claim and their adequacy to serve as class representatives.

In Martinez-Mendoza v. Champion International Corp., 340 F. 3d 1200 (11th Cir. 2003), the circuit court found that the district court erred by failing to address the class certification issue after granting summary judgment to the defendant on the merits of the named plaintiffs' claims. The circuit court found the district court incorrectly thought that the decision on summary judgment rendered the named plaintiffs unable to represent the class.  On remand, the circuit court explained as follows:

> As an appellate court, we are unable to review class certification decisions before they are made. . . . We must therefore remand the case to the district court for further proceedings.  As we instructed the district court in Satterwhite, the court's first task will be to determine whether a case or controversy exists, as required by Article III, Section 3 of the United States Constitution.  If a live controversy exists, the court must then determine whether the case is appropriate for class certification.  If it is, the court must go on to decide whether any of the named plaintiffs are qualified to serve as class representative and, if not qualified, whether a member of the class is willing and qualified to serve as class representative.

Id. at 1216 (citing Satterwhite v. City of Greenville, 634 F. 2d 231 (5th Cir. Jan. 1981) (en banc) (plaintiffs capacity to act as a class representative is not ipso facto terminated upon losing on the merits)) (internal citation omitted).

The Edwards and Accredited do not dispute that a live case or controversy still exists as to

the putative class[3] but instead dispute whether the Edwards have standing to pursue the claims on behalf of the class and whether the present motion for class certification is moot. Thus, the court must next determine whether the case is appropriate for class certification. <u>Id</u>. at 1216. However, the motion to intervene filed by Floyd and Barbara Jones is now pending for resolution and the court must first resolve the motion to intervene before addressing the issue of class certification. <u>See</u> <u>Birmingham Steel Corp. v. Tennessee Valley Authority</u>, 353 F. 3d 1331 (11th Cir. 2003) (holding that the district court erred by not allowing class counsel an opportunity to substitute a new class representative before decertifying the class); <u>Cotterall v. Paul</u>, 755 F.2d 777, 781 (11th Cir. 1985) (". . . We do rule that it was error to deny the motion for class certification on the ground that the named plaintiff was an inadequate class representative without first making a specific finding that the would-be intervenors would be inadequate representatives as well.").

Accordingly, the motion for class certification is dismissed as **MOOT** at this time with leave to re-file once the court rules on the pending motion to intervene.

**DONE** this the 4th day of March, 2009.

> **Kristi K. DuBose**
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**

---

[3] Although the parties focus upon whether there is a case or controversy between Accredited and the Edwards, they do not dispute that a case or controversy exists between Accredited and the putative class. In that regard, Accredited does not oppose the motion to intervene filed by the Jones but instead strongly opposes their attempt to bring new and different claims and causes of action beyond those for title insurance charges and recording fees into this case and move the court for an opportunity to file a dispositive motion at the close of discovery of the intervenors. (<u>See</u> docs.167, 175).