IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JONATHAN and SHARRON EDWARDS, ) | |
| and VILMA HALL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 07-0160-KD-C |
| ) | |
| ACCREDITED HOME LENDERS, INC., ) | |
| LENDER'S FIRST CHOICE; and ) | |
| LENDER'S FIRST CHOICE AGENCY ) | |
| OF ALABAMA, INC., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the court on the motion for leave to intervene as plaintiffs filed by Floyd and Barbara Jones (the Joneses) (doc. 165), defendant Accredited Home Lenders, Inc.'s response (Accredited) (doc. 167) and the Joneses' reply (doc. 171). Upon consideration, and for the reasons set forth herein, the motion for leave to intervene is **GRANTED, in part**, and plaintiffs Floyd and Barbara Jones shall file their complaint in intervention consistent with this order, on or before **May 12, 2009.**

I.   Background

The Joneses filed their motion to intervene pursuant to Rule 24(b)(1)(B) of the Federal Rules of Civil Procedure on basis that their complaint presents questions of law and fact which are common to this action. The Joneses bring claims only against Accredited Home Lenders, Inc. However, in their proposed complaint in intervention, the Joneses bring additional claims, seek to change the class definition and raise at least one new legal theory against Accredited.[1]

---

[1] The court notes that the Joneses attempt to bring a claim against Accredited under the Truth in Lending Act for failing to disclose on the TIL disclosure the alleged excess of the title abstract charge in addition to other charges identified. The court specifically disallowed this

Defendant Accredited responds that it does not oppose the motion to intervene but objects to the scope of the complaint in intervention. Accredited argues that the Joneses' complaint should be limited to the claims, class definition, and theories for relief which are now before the court in the Edwards' second amended complaint. Defendant argues that allowing the expansion of the claims, class definition, and theories of recovery at this stage in the litigation would be severely prejudicial because substantial additional discovery would be necessary, the defendant's costs of litigation would be increased, a change in defense strategy would be needed, and the litigation would be delayed.

II.   Standard of review

Rule 24(b)(1)(B) allows intervention of right, if certain criteria are met. The Rule provides as follows:

> (b) Permissive Intervention.
>
> (1) In General. On timely motion, the court may permit anyone to intervene who:
>    . . .
>    (B) has a claim or defense that shares with the main action a common question of law or fact.

Fed.R.Civ.P. 24(b).

> An individual may also be permitted to intervene in an action under [Rule 24(b)(1)(B)] if the Court determines in its discretion that the intervention will not unduly delay or prejudice the rights of the original parties, and the potential intervenor has a "claim or defense" which shares a common question of law or fact with the plaintiff's claims. See Fed. R. Civ. P. [24(b)(1)(B)]. Thus, a party seeking to intervene under Rule 24(b)(2) must show that: (1) his application to intervene is timely; and (2) his claim or defense and the main action have a question of law or fact in common. [Chiles v. Thornburgh, 865 F.2d 1197, 1213 (11th Cir.1989)]. "The district court has the discretion to deny intervention even if both of those requirements are met, and its decision is reviewed for an abuse of

---

claim regarding the title abstract fee when it allowed the Edwards to amend their complaint to file their second amended complaint. At this point, the second amended complaint is the operative pleading before the court and has been since June 9, 2008.

discretion." Id.

Watkins v. Vestil Mfg. Corp., 2008 WL 5102885, 2 (N. D. Ga. December 1, 2008); see also Mt. Hawley Ins. Co. v. Sandy Lake Prop., Inc., 425 F.3d 1308, 1312 (11th Cir. 2005) (citation omitted) ("Permissive intervention under Fed.R.Civ.P. 24(b) is appropriate where a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties.")  In this case, the Joneses have the burden of establishing that their motion was timely.  See Stone v. First Union Corp., 371 F. 3d 1305, 1308 (11th Cir. 2004).  However, "it is wholly discretionary with the court whether to allow intervention under Rule 24(b) and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention." Worlds v. Dep't of Health & Rehab. Servs., 929 F.2d 591, 595 (11th Cir.1991).  The Rule also requires that the court, in exercising its discretion, consider whether allowing the intervention will delay the action or prejudice the parties.  Fed. R. Civ. P. 24(b)(3).

    III.    Analysis

    A. Timeliness and prejudice

Accredited does not argue that the motion to intervene is untimely but does argue that it would be prejudicial to allow the complaint in intervention unless it is limited to the same claims, class definition, and legal theories raised in the second amended complaint now before the court.  The court agrees that Accredited would be unduly prejudiced by the expense of the additional discovery which would be necessary to defend the expansive, newly raised claims and new theory of recovery.  Also, to allow the complaint in intervention to expand the claims, class

3

definition, and legal theories at this stage would substantially delay the action. See Fed. R. Civ. P. 24(b)(3).  Balancing these factors against any prejudice to the Joneses if their complaint is not allowed as proposed, the court finds that the complaint in intervention shall be allowed but it shall be limited to the claims, class definition, and legal theories now before the court in the second amended complaint.  See Angel Flight of Georgia, Inc. v. Angel Flight America, Inc., 272 Fed. Appx. 817, 819 (11th Cir. 2008) (setting forth the four factors for the court to consider when assessing the timeliness of a motion to intervene).

  B.  Common question of law or fact.

The original action involves a claim that Accredited violated the Truth In Lending Act by failing to disclose the alleged excess charge for title insurance and recording fees on the Truth in Lending Disclosure.  The parties do not dispute that the Joneses' complaint shares a common question of law or fact with the second amended complaint.  However, the Joneses' complaint in intervention, if allowed in its entirety, would greatly expands these claims, class definition, and legal theories presently before the court.  This court's discretion is broad enough to allow it to deny a motion for leave to intervene even when all the factors are met. Worlds, 929 F.2d at 595. Thus, it follows logically that this court also has the same broad discretion to limit the complaint in intervention. See Garfield v. NDC Health Corp., 466 F.3d 1255, 1270 -1271 (11th Cir. 2006) (finding that the district court did not abuse its discretion when it placed conditions on plaintiff's right to amend).  Therefore, the court finds that the Joneses may file their complaint in intervention but it shall be limited to the claims, class definition, and legal theories now before the court in the second amended complaint.

  C.  Discovery

Accredited and the Joneses both express a need for additional discovery and Accredited seeks the opportunity to file a dispositive motion as to the Joneses claims. In that regard, since the deadline for class action discovery has passed, the parties are given leave to conduct discovery limited solely to production of the Joneses' loan file in the possession of Accredited, deposition of the Joneses, and deposition of a corporate representative for Accredited but solely as to the Joneses' loan transaction. Discovery shall be completed on or before June 16, 2009 and dispositive motions shall be due on or before June 30, 2009.

D. Class Certification

The court will address a schedule for a motion for class certification in the event that the Joneses' claims survive Accredited's dispositive motion.

IV. Conclusion

Upon consideration of the motion for leave to intervene, the complaint in intervention, Accredited's response and the Joneses' reply, and for the reasons set forth herein, the motion for leave to intervene is **GRANTED in part,** and the Joneses' shall file their complaint in intervention which shall be limited to the claims, class definition, and legal theories presently before the court in the second amended complaint on or before **May 12, 2009**.

**DONE** and **ORDERED** this the 4th day of May, 2009.

 s / Kristi K. DuBose  
**KRISTI K. DuBOSE**  
**UNITED STATES DISTRICT JUDGE**